IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BIGFOOT 4X4, INC., <br><br>    Plaintiff, <br><br>v. <br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, <br><br>    Defendant. | Case No. 1:23-cv-00147 <br><br> Judge John Robert Blakey |

**DEFENDANT RC MALL's MOTION TO DISMISS**

Now comes Defendant RC Mall ("Defendant"), identified as Defendant 100 on Schedule A of the Complaint, and moves to dismiss the Complaint in its entirety, under Fed. Rule Civ. Proc. 12(b)(6). Alternatively, Defendant moves to dismiss all allegations of counterfeiting against it, under Fed. Rule Civ. Proc. 12(b)(6). In support of its motion, Defendant states as follows:

### I.    INTRODUCTION

Plaintiff Bigfoot 4X4, Inc. ("Plaintiff") has accused Defendant of trademark infringement for Defendant's use of the phrase "Designed for 1/8 Monster Truck Bigfoot Car" in its product description on Amazon. Because this accused use of Plaintiff's asserted trademark is a permissible fair use, the Complaint should be dismissed with prejudice as to Defendant.

In the alternative, Defendant requests that the Court dismiss all references in the Complaint that assert counterfeiting, as Plaintiff has prima facie failed to present a case for counterfeiting under the Lanham Act. This includes those references in paragraphs 29, 31, 32, 33, 36, 37, 38, and 41, and the Prayer for Relief Sections 1(c), 1(e), 1(f), 1(g), 4(a), 4(b), 5 and 6.

## II. BACKGROUND

Defendant's use of the term "Bigfoot" is permissible as used because it is a fair use of the asserted trademark. Defendant does not use the term to identify its own products, but rather to identify Plaintiff's products. That is, Defendant is not offering or promoting goods under the "Bigfoot" mark, Defendant is not claiming to be the source or affiliated with the source of Bigfoot branded products. Defendant makes clear exactly who it is. In the title for the product, Defendant states "Goolsky 2Pcs AUSTAR AX-3011 155mm 1/8 Monster Truck Tires with Beadlock Wheel Rim for TRAXXAS SUMMIT E-Revo HPI Savage XL Flux HSP RC Car." *See* Ex. A[1]. Right below that product description is a link that states "Visit the GS GOOLSKY Store." There is no reference in the product title to Plaintiff or any of its trademarks. In the "Brand" section, Defendant identifies itself: "Goolsky." Again, there is no reference in the brand section to Plaintiff or any of its trademarks. In the "About this item" section, Defendant states:

**"About this item**

- Fine workmanship and perfect style, Designed for 1/8 Monster Truck Bigfoot Car.
- Wider tires increase the wheel stability, Upgrade solid wheel rim made it more durable.
- True beadlock wheels - no gluing, convenient to change the tires or wheels.
- Large, deep lugs provide exceptional traction in rock, mud and dirt.
- These tires are made of super soft compounds for good grip over all kind of terrain."

Likewise, below this "About this item" section is a product description section. Here, the product description is broken out into two sections, "Features" and "Specifications." In the "Features" section, Defendant repeats the above descriptive language "Designed for 1/8 Monster

---

[1] Ex. A is Plaintiff's alleged evidence of infringement that was filed with the Court under seal as part of Dkt. 15. Defendant provides it here for the Court's convenience.

Truck Bigfoot Car" and the "Specifications" section, Defendant states "Suitable for: 1/8 Monster Truck Bigfoot Car." *See* Ex. A.

These three virtually identical phrases are the only times Defendant uses the term "Bigfoot" in its marketing material. Each instance makes clear that Defendant is the source of the product, that the product is intended for use with, is designed for, or is suitable for "1/8 Monster Truck Bigfoot Car."

### III. ARGUMENT

**A.     Dismissal at the Pleadings Stage is Appropriate.**

Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the plaintiff's claim. Dismissal is warranted if no relief could be granted under any set of facts that could be proved consistent with the allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*.

While the court should accept all well-pleaded facts as true and draw all reasonable inferences in plaintiffs' favor, the court may disregard legal conclusions and "unsupported conclusory factual allegations." *See AFM Mattress Co., LLC v. Motorists Com. Mut. Ins. Co., 37 F.4th 440, 443 (7th Cir. 2022)*; *Bilek v. Fed. Ins. Co., 8 F.4th 581, 586 (7th Cir. 2021)* (citation omitted); *see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)*. Here, the Court has all the necessary facts from which it can which reach its decision. It has Plaintiff's allegations, including the alleged infringing materials containing the only use of the asserted trademark. Dkt. 1 at Ex. 1 and Dkt. 15 (Ex. A). Here, Plaintiff's filings admit to all of the facts necessary to find Defendant's use of the asserted mark to be a fair use and not a counterfeit.

*See Hebrew Univ. of Jerusalem v. DealzEpic*, 2022 U.S. Dist. LEXIS 136042 (Aug. 1, 2022 N.D. Il.), *8, n.4 ("Here, the University has submitted its trademark and images of the dealzEpic Amazon advertisement, and it does not dispute that I possess all the facts necessary to resolve the fair-use issue at this stage.")

**B.     Defendant's Limited Use of the Asserted Trademark is a Permissible Fair Use.**

"Nominative uses" of a trademark, *i.e.*, use of a mark to identify or refer to the mark holder's product or service, do not give rise to any cause of action under trademark law. Nominative uses thus fall outside the scope of activities prohibited by the Lanham Act. The Ninth Circuit acknowledged this bedrock trademark principle in *New Kids on the Block v. News Am. Publications, Inc.*, 971 F. 2d 302, 305 (9th Cir. 1992) and held that permissible, nominative use of another's mark exists where (1) the product or service in question is not readily identifiable without use of the trademark; (2) only so much of the mark or marks is used as is reasonably necessary to identify the product or service; and (3) the user does nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder. *Id*. at 308; *Data Mgmt. Ass'n Int'l v. Enter. Warehousing Sols.*, 2020 U.S. Dist. LEXIS 242699 (Dec. 28, 2020 N.D. Il.) *6; *Ty, Inc. v. Publ'ns Int'l, Ltd*., 2005 U.S. Dist. LEXIS 23420 (Feb. 25, 2005 N.D. Il.) *23-24. "[I]f the nominative use satisfies the three-factor *News Kids* test, it doesn't infringe." *Toyota Motor Sales, U.S.A. v. Tabari*, 610 F.3d 1171, 1176 (9th Cir. 2010) (cited by *Data Mgmt*., 2020 U.S. Dist. LEXIS 242699, *6-7).

As the *New Kids* court explained, "[i]t is no more reasonably possible … to refer to the New Kids as an entity than it is to refer to the Chicago Bulls, Volkswagens or the Boston Marathon without using the trademark." *Id*. at 308. Nothing about the defendant's use of the mark falsely claimed, or even suggested, that the band sponsored or endorsed the defendant's use; as the court

4

held, the newspapers' "use of the trademark does not imply sponsorship or endorsement of the product because the mark is used only to describe the thing, rather than to identify its source." *Id*. at 306 (emphasis added).

"[W]here a nominative fair use defense is raised, the likelihood of confusion analysis is instead performed using three factors "designed to address the risk that nominative use of the mark will inspire a mistaken belief on the part of consumers that the speaker is sponsored or endorsed by the trademark holder." *Data Mgmt.*, 2020 U.S. Dist. LEXIS 242699 *6 (citations omitted). "The court asks whether 1) the product is "readily identifiable" without use of the mark; 2) the defendant uses more of the mark than was necessary; or 3) the defendant falsely suggests that it is sponsored or endorsed by the trademark holder. If all three questions are answered in the negative there is no infringement; "[nominative] fair use is, by definition, not infringement." *Id*. *7.

**C.     Defendant Meets The Three Factors of Nominative Fair Use.**

> **1.     Plaintiff's Product is Not Readily Identifiable Without Reference to Its Brand Name.**

Defendant's product is a set of tires designed for use with Bigfoot monster truck or car toys. There is no other way to explain that fact to the consuming public other than to use the Bigfoot trademark. Just like the examples in *New Kids*, such as referring to Volkswagen when an auto repair shop repairs Volkswagens, or the Bulls when referring to the professional men's basketball team based in Chicago, Defendant here needs to refer to Plaintiff's product to show that Defendant's product is compatible with it. There are numerous types of monster truck or car toys in the market, the only way to let the consuming public know of the compatibility with them is to identify them by brand.

> **2.     Defendant Used No More Of Plaintiff's Mark Than Was Necessary.**

Here, Defendant used no more of the asserted mark than was necessary to refer to Plaintiff's

product. First, Defendant did not use any logo or design marks of Plaintiff. *Playboy Enters. v. Welles*, 279 F.3d 796, 802 ("'Similarly, in a past case, an auto shop was allowed to use the trademarked term "Volkswagen" on a sign describing the cars it repaired, in part because the shop 'did not use Volkswagen's distinctive lettering style or color scheme, nor did he display the encircled "VW" emblem.' Welles' banner advertisements and headlines satisfy this element because they use only the trademarked words, not the font or symbols associated with the trademarks."). Here, Defendant only used the word Bigfoot and not Plaintiff's logo. Plaintiff's asserted Trademark Reg. No. 1,228,960 for the goods "toy vehicles having 4-wheel drive" is a design mark that includes the stylized depiction of two wheels in place of the letter O in the word Bigfoot: **BIGF⊙⊙T** *See* Dkt. 1 at Ex. 1. Defendant did not use such a stylized depiction, but only used the word. *See* Ex. A. Second, Defendant made only three minor uses of the term, located in the text of the "about the product", and in the "product description", "features" and "specifications" sections. Defendant placed the term in the product description because Defendant was describing facts about its product, namely facts about product compatibility.

Thus, Defendant's limited use of the asserted mark was only to give potential consumers important compatibility information about the product that would be useful in making purchasing decisions. This information was solely located in the product description areas, not as part of the branding of the name or title of the product. Thus, information provided by Defendant included that the tires were "Designed for" or "Suitable for" "1/8 Monster Truck Bigfoot Car." It is this truthful, factual reference that Plaintiff complains about.

The "1/8" reference is the scale. This is an important piece of information for potential consumers. Toy vehicles come in all sorts of different sizes or scales, 1/64, 1/10, 1/8, and the like. Consumers want to make sure that their replacement parts are the same scale as the original parts.

Likewise, the fact that the product is designed for toy monster trucks such as those offered under the Bigfoot brand is another important piece of information for a potential consumer. Letting potential consumers know exactly which toy vehicles the replacement parts will fit or are "designed for" is important. Defendant's tires are designed for, are suitable for, are compatible with, certain of Plaintiff's toy vehicles – but not all. That the tires are specifically "designed for" or "suitable for" products such as the Bigfoot cars and trucks is an important fact to relay to potential consumers.

Indeed, in the "Questions" section at the bottom of the Amazon page submitted as evidence of infringement, a potential consumer asks the question "Would these fit on an xtm mammoth"?, referring to another brand of large wheeled toy vehicles. Ex. A at 2 (highlighted in red box). Saying that the product is suitable for or designed for Bigfoot (or Mammoth) is exactly the type of information potential consumers need to evaluate whether the product meets their needs and whether they should purchase it. To best serve consumers, more third party trademarks should have been used, not less.

### 3. **Defendant Made No Suggestion That It Is Sponsored Or Endorsed By Plaintiff.**

Defendant was very careful in its reference to Plaintiff's asserted mark. Plaintiff only used the mark to truthfully say that the product was "designed for" or "suitable for" the Plaintiff's product. This factual statement about compatibility in no way suggests sponsorship or endorsement by Plaintiff. If anything, it is the opposite, because if it was associated with Plaintiff, it surely would have touted that fact. Placing the term solely in the product description and only saying that the product was "designed for" or "suitable for" the Plaintiff's product makes clear that there is no associated between Plaintiff and Defendant. Any consumer reading that description would know that neither Defendant nor Defendant's products were sponsored or endorsed by Plaintiff.

**D.      Plaintiff's Other Counts Fall For the Same Reasons.**

In addition to its trademark infringement count (Count 1 of the Complaint), Plaintiff also has two additional counts, one for federal false designation of origin (Count 2 of the Complaint) and violation of the Illinois Uniform Deceptive Trade Practices Act (Count 3 of the Complaint). Because the facts and analysis under each of these counts is the same as under Count 1 for federal trademark infringement, these counts must also fall. *See Hebrew Univ.*, 2022 U.S. Dist. LEXIS 136042, *11-12 ("because plaintiff relies on the same facts and 'the same test as trademark infringement' for its false designation of origin and Illinois deceptive trade practices claims …, Counts II and III are dismissed as well").

**E.      The Court Should Dismiss Plaintiff's Allegations and Prayer For Relief Concerning Alleged Counterfeiting.**

Plaintiff asserts six trademark registrations in its complaint. The following table lists each registration and the goods that it covers. *See* Dkt. 1 at Ex. 1.

| Registered Trademark and Reg. No. | Goods / Class |
|---|---|
| BIGFOOT<br>Reg. No. 1,228,960 (design mark) | Toy vehicles having 4-wheel drive, in class 28 |
| BIG FOOT<br>Reg. No. 1,387,617 (word mark) | Toy vehicles, in class 28 |
| BIGFOOT<br>Reg. No. 1,433,779 (word mark) | Photographs, posters, calendars, iron-on transfers, and catalogs, in classes 37, 38 |
| BIGFOOT<br>Reg. No. 1,973,606 (word mark) | T-shirts, jerseys, jackets and caps, in class 25 |
| BIGFOOT<br>Reg. No. 3,125,288 (word mark) | Videotapes featuring monster trucks; Interactive video game programs featuring monster trucks; Multimedia software recorded on CD ROM in the field of monsters truck races and demonstrations; and Digital video discs featuring monster trucks, in class 9 |
| BIGFOOT 4X4<br>Reg. No. 3,641,155 (word mark) | Monster trucks with tires equal to or greater than 48 inches, in class 12 |

8

Defendant's accused goods are tires for toy vehicles. *See* Ex. A. None of Plaintiff's registrations cover tires for toy vehicles.

As can be seen from the above table (derived from Dkt. 1 at Ex. 1), there is only one registration that arguably may be implicated in Plaintiff's complaint against Defendant, Reg. No. 1,387,617 for the goods "toy vehicles." Reg. No. 1,228,960 is a design mark BIGFOOT for the goods "toy vehicles having 4-wheel drive." As discussed above, Defendant did not use this logo. *See supra* at 6; Ex. A. Plaintiff's remaining registrations are for very different goods, such as photographs, calendars, t-shirts, videotapes, trucks with tires larger than 48 inches. *See* Dkt. 1 at Ex. 1. As shown in Ex. A, Defendant has not offered and is not accused of offering for sale photographs, calendars, t-shirts, videotapes, or trucks with tires larger than 48 inches. Indeed, Defendant is not accused of offering for sale "toy vehicles" or "toy vehicles having 4-wheel drive" in connection with the Bigfoot mark. Ex. A. In fact, Defendant is accused of using the Bigfoot mark solely in connection with the offering for sale of "tires for toy vehicles." *See* Ex. A. No registration asserted by Plaintiff covers the goods of "tires for toy vehicles." *See* Dkt. 1 at Ex. 1.

Counterfeiting requires use of the exact trademark that is registered for the specific goods that are set forth in the registration. *See Antetokounmpo v. Paled Prods. LLC*, 2021 U.S. Dist. LEXIS 200681 (S.D. N.Y. Oct. 18, 2021) *8-10 (A "counterfeit mark" is "a counterfeit of a mark that is registered on the principal register . . . <u>for such goods or services sold</u>, offered for sale, or distributed and that is in use[.]") (emphasis in original, citing 15 U.S.C. 1116(d)(1)(B)). As noted in the *Antetokounmpo* case, "because this act is intended to reach only the most egregious forms of trademark infringement, it does not affect cases in which the defendant uses a registered mark in connection with goods or services for which the mark is not registered." (citations omitted).

9

Plaintiff can allege no facts that would entitle it to a judgment that Defendant is a counterfeiter. Defendant did not use the asserted trademark with any goods covered by any of Plaintiff's registrations. There is only one word mark registration that Plaintiff has that covers toy vehicles, Reg. No. 1,387,617. Reg. No. 1,228,960, which Plaintiff wrongly asserts is for a word mark (Dkt. 1 ¶ 8) is in fact a design mark:  *See* Dkt. 1 at Ex. 1. Defendant never used this design mark and Plaintiff does not allege otherwise. Ex. A. As a matter of law, Defendant cannot be a counterfeiter.

Thus, under the facts as pled and as Plaintiff could plead them, Defendant's use of the term Bigfoot does not amount to counterfeiting as a matter of law. According, all references in the Complaint that assert counterfeiting should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant RC Mall respectfully requests that the Court dismiss the Complaint in its entirety as to it. Alternatively, Defendant requests that the Court dismiss all references in the Complaint that assert counterfeiting, including those references in paragraphs 29, 31, 32, 33, 36, 37, 38, and 41, and the Prayer for Relief Sections 1(c), 1(e), 1(f), 1(g), 4(a), 4(b), 5 and 6.

Dated: March 24, 2023                                     Respectfully submitted,

                                                          /s/Mark K. Suri
                                                          Mark K. Suri, #6199636
                                                          HINSHAW & CULBERTSON LLP
                                                          151 N. Franklin Street, Suite 2500
                                                          Chicago, IL 60606
                                                          Telephone: 312-704-3000
                                                          Facsimile: 312-704-3001
                                                          msuri@hinshawlaw.com

                                                          *Attorneys for Defendant RC Mall*

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 24, 2023, the foregoing **DEFENDANT RC MALL'S MOTION TO DISMISS** was electronically filed with the Clerk of the U.S. District Court using the Court's CM/ECF system, which will accomplish service electronically on all counsel of record.

*/s/Mark K Suri*
Mark K. Suri